IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-00096-F-1
No. 7:16-CV-00138-F

| | |
|---|---|
| BENJAMIN LYNN SCOTT,<br>   Petitioner, | )<br>)<br>) |
| v. | )  O R D E R |
| UNITED STATES OF AMERICA,<br>   Respondent. | )<br>)<br>) |

This matter is before the court on Benjamin Lynn Scott's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-31]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Scott's Motion to Vacate is ALLOWED.

In his Motion to Vacate, Scott argues that pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer eligible for enhancement under the Armed Career Criminal Act ("ACCA"). Mot. Vacate [DE-31] at 4, 7. The Government contends that *Johnson* does not affect Scott's ACCA predicates because he has several North Carolina convictions for breaking and entering.[1] Resp. [DE-35] at 2 (citing PSR at 5-7).

The Government agrees that Scott's judgment should be vacated pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). *Id.* at 2. Simmons arose on direct review, but the Fourth Circuit Court of Appeals has held that alteration in the way in which a court determines whether a prior conviction for a North Carolina offense is punishable by more

---

[1] North Carolina breaking and entering qualifies as a burglary under 18 U.S.C. § 924(e). *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014).

than one year applies equally on collateral review. *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). The Government concedes that Scott's challenge to his felon in possession offense is cognizable on collateral review. Resp. [DE-35] at 2. The Government waives reliance on all procedural defenses, including the statute-of-limitations defense, 28 U.S.C. § 2255(f), and other affirmative defenses that might preclude relief. *Id.* at 3. In sum, the Government agrees that Scott has stated a meritorious claim of actual innocence as to his felon in possession charge. *Id.*

In light of the foregoing, including the Government's concessions, Scott's Motion to Vacate [DE-31] is ALLOWED. Scott's February 23, 2005 Judgment [DE-22] of conviction and sentence hereby is VACATED.

SO ORDERED.

This, the 21ˢᵗ day of June, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge